8 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert R. PARKER, Jr., Plaintiff-Appellant,
v.
Betty J. REYNOLDS; Oregon Government Ethics Commission,
Defendants-Appellees.
 No. 91-36315.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 21, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Parker, Jr., appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion to reinstate his complaint in his civil rights action. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991), and affirm.
 
 
 3
 "An appeal from the denial of a Rule 60(b) motion brings up the denial of the motion for review, not the merits of the underlying judgment." Id. Pursuant to Rule 60(b), a court may relieve a party from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of the judgment. See Fed.R.Civ.P. 60(b). A motion brought under subsections 60(b)(1)-(3) must be brought within a year after the judgment or order was entered. See id.
 
 
 4
 Here, Parker filed a complaint against the defendants, members of the Oregon Government Ethics Committee ("OGEC"), on April 16, 1990, alleging that the OGEC violated his civil rights. Parker signed a release and agreed to settle the case in return for $3,000. Accordingly, the district court dismissed the action. Over a year later, Parker filed a motion for reconsideration.
 
 
 5
 In support of his motion for reconsideration, Parker argued that he was under economic duress at the time he agreed to settle, and that the release should be voided and the complaint reinstated due to various acts of misconduct on the part of the OGEC in securing the release. The district court denied the motion on the grounds that the motion, brought over a year after the entry of the judgment, was untimely pursuant to Fed.R.Civ.P. 60(b)(3).
 
 
 6
 The district court did not abuse its discretion in denying the motion. The motion was properly construed as a Rule 60(b)(3) motion on the basis of Parker's allegations of misconduct by the OGEC. See Fed.R.Civ.P. 60(b)(3). As such, the motion was properly denied as untimely. See id.[1] We therefore conclude that the district court did not abuse its discretion by denying the Rule 60(b) motion. See Floyd, 929 F.2d at 1400.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court also stated, "Even if plaintiff could bring the motion under Rule 60(b)(6), I conclude that it is not timely." We agree, however, that the motion was properly construed as an untimely Rule 60(b)(3) motion. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice. United States v. Alpine Land and Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.1993), petition for cert. filed, 61 U.S.L.W. 3775 (Apr. 16, 1993) (No. 92-1741). Rule 60(b)(6) should be used "only where extraordinary circumstances prevented a party from taking timely action to prevent an erroneous judgment." See id. Such extraordinary circumstances have not been shown. See id